# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOSHUA ROY ALBRIGHT,  )
 )
                     Plaintiff,  )
 )
v.  )     No. CIV 18-073-JHP-SPS
 )
JAMES YATES and SPECIAL  )
OPERATIONS RESPONSE TEAM,  )
 )
                     Defendants.  )

## OPINION AND ORDER

At the direction of the Court, Plaintiff Joshua Roy Albright, a pro se state prisoner incarcerated at Davis Correctional Facility ("DCF") in Holdenville, Oklahoma, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 17). He names as defendants DCF Warden James Yates and the DCF Special Operations Response Team ("S.O.R.T").

Plaintiff alleges in the amended complaint that in September 2017, he was housed with Inmate Nicholas Roberts in a segregation housing unit at DCF when a shakedown was conducted.[1] After the shakedown, the Special Operations Response Team ("S.O.R.T.") returned Plaintiff and Roberts to their cell, where the two prisoners found a writing tablet with the words "wood wood the war is still on." The message was written with a blue

---

[1] Plaintiff and Nicholas Roberts have filed identical amended complaints in this Court. *See* Case No. CIV 18-132-JHP-SPS.

Sharpie pen, which only staff members are allowed to use. (Dkt. 17 at 12).

Plaintiff asserts the message referred to a conflict between the Irish Mob, to which both Plaintiff and Roberts belong, and the Aryan Brotherhood. According to Plaintiff, members of both gangs have been killed. Plaintiff claims he and Roberts yelled until Officer Spitzer, S.O.R.T supervisor, came to their cell door. Plaintiff alleges he and Roberts were so "bothered and stressed" that they were shaking with anger. Spitzer, however, told them to "stop being stupid and that he had stuff to do." Spitzer would not reveal who had searched their cell and would not investigate the matter. *Id.*

Plaintiff and Roberts next submitted a Request to Staff to Mr. Worsham, the unit manager, who also is a member of the facility S.O.R.T. team. Worsham spoke with Plaintiff and Roberts and advised he would look into the matter. Plaintiff claims that "later the same day the issue was taken care of," but the Request to Staff and a grievance apparently were not answered because Worsham stated the problem was solved. Plaintiff and Roberts subsequently were told by another staff member that Worsham had thrown out the forms for his own protection, because Worsham already was involved in a lawsuit concerning an assault and injury of another member of the Irish mob. *Id.* There is no indication Plaintiff attempted to pursue his remedies regarding the unanswered grievance.

Shortly after the incident, Plaintiff and Roberts were transferred to the maximum security section of the prison, where the staff tried to place them with rival gang members, allegedly at the direction of Defendant Warden James Yates. Plaintiff claims these incidents have created a hostile environment, resulting in his mental distress, as evidenced by insomnia and insecurity about his safety. He requests relief in the form of monetary

damages and a transfer to another facility. *Id.* at 5, 12.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500

F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

As an initial matter, Plaintiff asks for relief in the form of a transfer to another facility. It is well settled that there is no constitutional right to incarceration in a particular

correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Therefore, this request for relief cannot be granted.

Plaintiff asserts his claims arise under the Eighth Amendment. He alleges that unnamed members of the Special Operations Response Team conducted a shakedown of his cell. Afterward, Plaintiff and his cellmate discovered a message which they construed as harassing or threatening. Plaintiff, however, has failed to name the individuals who allegedly took part in the shakedown, thus failing to state a claim under § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law").

After careful review, the Court finds that even if Plaintiff had named the individual members of the S.O.R.T. as defendants, the claim still would fail. Plaintiff has not articulated how the incident violated his rights under the Eighth Amendment, and has failed to set forth any specifics of the alleged pain and suffering he experienced as a result of the shakedown. Further, he admits that Mr. Worsham took care of the problem. Plaintiff's vague and conclusory allegations concerning this incident clearly are frivolous and fail to state a claim upon which relief may be granted.

Plaintiff's claim against Defendant Warden James Yates also fails. Plaintiff alleges that when he and Inmate Roberts were transferred to maximum security, the staff attempted to place them with rival gang members pursuant to Yates' order. Plaintiff, however, does

not assert that he actually was placed with rival gang members. Instead, he contends "[t]hese evil and reckless actions" caused him mental distress, resulting in his difficulty sleeping and feeling unsafe (Dkt. 17 at 12).

The Oklahoma prison classification system creates no liberty interest for a particular classification. *Twyman v. Crisp*, 584 F.2d 352, 355-57 (10th Cir. 1978). Furthermore, the mere change of a prisoner's classification does not deprive him of liberty, because a prisoner is not entitled to a particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).

To the extent Plaintiff is claiming Warden Yates is liable for Plaintiff's mental distress from being in maximum security and from the possibility of being housed with rival gang members, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (holding "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted). At most, Plaintiff is alleging Yates was responsible for his move to maximum security. There are no allegations that Yates participated in Plaintiff's mental distress. Supervisory status is not sufficient to support liability under § 1983. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

For the reasons set forth above, the Court finds Plaintiff's vague and conclusory allegations in his amended complaint are frivolous and do not state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY,** this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 9th day of August 2018.

James H. Payne
United States District Judge
Eastern District of Oklahoma